**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HILTON JONES,
Plaintiff-Appellee,

and

WILLIA E. JONES,
Plaintiff,

v.

WAL-MART STORES, INCORPORATED;
GARY NIGH,

No. 97-1949

Defendants-Appellants,

and

SAM'S CLUB; UNKNOWN FORKLIFT
OPERATOR; DAYMARK FOODS,
INCORPORATED; NATIONAL CARRIERS;
UNITED REFRIGERATED SERVICES,
INCORPORATED,
Defendants.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-93-2722-WN)

Argued: September 24, 1998

Decided: October 26, 1998

Before WILKINSON, Chief Judge, and WILKINS and
NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Jeffrey M. Kotz, ROSOLIO & KOTZ, P.A., Towson, Maryland, for Appellants. Howard Leslie Metz, ASHCRAFT & GEREL, Rockville, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In January 1992, Hilton Jones, a truck driver, was injured while making a delivery to a Sam's Club store in Hagerstown, Maryland. Sam's Club is operated by a subsidiary of Wal-Mart, Inc. While Jones was standing in the loading dock area, a forklift driver, who was employed by Wal-Mart, spilled his load, which fell on Jones, injuring his neck and back. Jones' negligence claim against Wal-Mart and its employee was presented to a jury which returned a verdict in his favor in the amount of $40,174 for medical bills, $198,513 for past and future earnings, and $11,313 for noneconomic damages.

On appeal, Wal-Mart (and its employee) contend that (1) the evidence was insufficient to support the jury's verdict with respect to the extent of injury, the cause of injury, and Jones' medical expenses; (2) the trial judge abused his discretion in limiting the scope of a doctor's videotaped deposition that was presented to the jury; and (3) the trial judge abused his discretion in prohibiting a surveillance video tape, which had been admitted into evidence, from going to the jury room.

Having reviewed the record carefully, we conclude that there was ample evidence from which the jury could have returned its verdict. Wal-Mart did present evidence of several prior injuries to Jones, raising questions about the extent and causation of the injuries he presented to the jury. Moreover, the testimony of three doctors was in

conflict, and certain discrete matters of testimony were legitimately subject to question. But all of these matters were fully presented to the jury, and the jury, acting in its role to resolve evidentiary conflicts, did in fact resolve them by returning its verdict. In addition, we note that Wal-Mart did not adequately preserve its claim challenging the sufficiency of the evidence, having failed to file a motion for judgment notwithstanding the verdict under Federal Rule of Civil Procedure 50(b), and therefore it is not be entitled to entry of judgment in its favor on that basis. See F. R. Civ. P. 50(b); Johnson v. New York, New Haven & Hartford RR Co., 344 U.S. 48 (1952).

The district court's ruling during trial that only part of Dr. Michael Kyles' second deposition could be presented to the jury was apparently based in part on the fact that the excluded part consisted of cross examination which went beyond Dr. Kyles' direct testimony. In appropriate circumstances, a party might be able to convert an opposing expert witness to an expert of its own, but when that effort is first undertaken at trial, as occurred here, pretrial discovery and the pretrial conference are frustrated. In this circumstance, it is well within the discretion of the trial judge to balance the considerations of fairness and notice to the parties. We cannot say that in the peculiar circumstances of this case the district court abused its discretion.

Finally, on Wal-Mart's contention that the district court abused its discretion in withholding from the jury during deliberations a surveillance video tape that had been admitted into evidence, we can find no place in the record where either the district court or the parties addressed this issue. We can find no request from counsel to send the tape to the jury room nor can we find an order of the court denying a request. Moreover, we cannot find any objection by Wal-Mart's counsel noting that the tape had not been sent to the jury room. This is the type of matter that easily could have been cured if it had been raised. Because Wal-Mart failed to raise its concern or preserve any error, we cannot review it on appeal. Moreover, we note that the jury saw the videotape twice during the trial, and nothing prevented it from making a request to see it again during deliberations. Further, the trial judge instructed the jury that it was to consider all of the admitted evidence. We can perceive no harm in these circumstances from the fact that the jury did not have the videotape in the jury room during its deliberations.

3

The judgment of the district court is

AFFIRMED.

4